<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MILES POWELL, <br><br> Plaintiff, <br><br> v. <br><br> REGION 2 IV-D AGENCY & PATRICIA RISCH, <br><br> Defendant. | Civil Action No. 23-4119 <br><br> **OPINION** <br><br> August 30, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Patricia Risch's ("Defendant") Motion to Dismiss Plaintiff Miles Powell's ("Plaintiff") Complaint (ECF 1, "Compl.") pursuant to Rule 12(b)(1) and 12(b)(6). (ECF 9, "MTD.") The Court reviewed all submissions in support and in opposition and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.

I.     <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]</u>

*Pro se* Plaintiff brings this action stemming from the state court garnishment of his wages for his failure to make child support payments. (ECF 1, Compl. at 2-3.) Plaintiff requested the closure of his case and decision to withdraw from participation in the IV-D program. (*Id.*) He alleges that Defendant, as Director of the Office of Child Support Services ("OCSS"), violated his

---

[1] The allegations in the Complaint must be accepted as true solely for purposes of this Motion, except where conclusory and/or implausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

constitutional rights by collecting court-ordered child support arrears from him and for not closing his case upon his request. (*Id*. at 2-3, 5-6, 10-20.) The Complaint alleges violations of the Fourth, Fifth, Thirteenth, and Fourteenth Amendments, and the Bill of Attainder Clause pursuant to 42 U.S.C. § 1983. (*Id.*) Plaintiff seeks removal of arrears against him, a "refund" of $30,000 previously garnished from him for unpaid child support, and "6% interest" on the amount. He asks this Court to close his family court case and award him compensatory and punitive damages and costs of suit. (*Id*. at 20-21.)

Plaintiff filed this suit on July 31, 2023. (*See* ECF 1, Compl.) Defendant Patricia Risch filed the instant Motion to Dismiss the Complaint on January 30, 2024. (ECF 9, MTD.) Magistrate Judge Almonte entered a series of Orders directing Plaintiff to effectuate proper service of process on the agency defendant. (ECF 11; ECF 13; ECF 15; ECF 18.) Because Plaintiff failed to effect service of process, the agency defendant was dismissed from this action with prejudice pursuant to Rule 41(b) for failure to prosecute. (ECF 21.) Plaintiff did not oppose Defendant Risch's Motion. (*Id.*)

## II.    LEGAL STANDARD

Although Plaintiff did not file an opposition to the instant motion, "the Court must address unopposed motions to dismiss a complaint on the merits." *Wiggins v. String*, No. 12-3176, 2013 WL 1222676, at *2 (D.N.J. Mar. 25, 2013) (citation omitted); *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 182 (D.N.J. 2012) (citation omitted); *see also Greene v. LexisNexis Risk Solutions Inc.*, No. 23-3107, 2024 WL 471573, at *1 (D.N.J. Feb. 7, 2024).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id*. at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-02945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010). It is well established that a *pro se* complaint "however inartfully pleaded[,] must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court is obligated to construe *pro se* claims liberally and afford *pro se* plaintiffs the benefit of every doubt. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005).

### III.   <u>ANALYSIS</u>

Because jurisdiction is a threshold issue, the Court will first consider the Court's jurisdiction over Plaintiff's claims. A federal district court's duty to exercise its jurisdiction conferred by Congress is "virtually unflagging." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976). There are limited circumstances, however, where a court may or must abstain from exercising its jurisdiction.

### A.  *Younger* Abstention Doctrine

Abstention from the exercise of jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971), is rooted in "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "Dismissal on abstention grounds without retention of jurisdiction is in the nature of a dismissal under Fed. R. Civ. P. 12(b)(6)." *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1206 n.18 (3d Cir. 1992). Accordingly, "courts in this District have treated [a motion to dismiss on the basis of] *Younger* abstention as a Rule 12(b)(6) motion to dismiss . . . in that matters outside of the pleadings are not to be considered." *Yarborough v. Johnson*, No. 18-2688, 2018 WL 6567701, at *2 (D.N.J. Dec. 12, 2018) (internal citations and quotations omitted); *see also Frederick of Family Gonora v. Risch*, No. 23-893, 2023 WL 8271932, at *3 n.8 (D.N.J. Nov. 30, 2023).

Federal courts may abstain from exercising jurisdiction under the *Younger* abstention doctrine in three categories of proceedings: "(1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 462 (3d Cir. 2019) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S.

69, 78-79 (2013)) (quotations and additional citations omitted). If a court finds that the subject proceeding fits one of the above categories, the court must then consider the additional *Middlesex* factors: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Malhan*, 938 F.3d at 462 (citing *Sprint*, 571 U.S. at 81-82 and *Middlesex Cnty. Ethics Comm*., 457 U.S. at 423).

Here, Plaintiff's claims appear to stem from ongoing garnishment proceedings. Though difficult to construe, the Complaint alleges that Defendant failed to close his child support case and garnished his employment wages. (ECF 1, Compl. at 5, 7, 14-15, 17-19.) Plaintiff also asks this Court to close his family court case. (*Id*. at 20-21.)

Importantly, courts in this Circuit have overwhelmingly abstained under the *Younger* doctrine when faced with challenges to ongoing child support proceedings. *See, e.g., Gittens v. Kelly*, 790 F. App'x 439, 441 (3d Cir. 2019) (per curiam) ("To the extent that the state court proceeding regarding [plaintiff's] child support obligations were ongoing, the District Court properly invoked the *Younger* abstention doctrine."); *Dixon In re Burrell*, 626 F. App'x 33, 35 (3d Cir. 2015) (denying petition for writ of mandamus because "[f]ederal courts usually abstain from deciding civil actions such as [plaintiff's] where state child support proceedings implicate important state interests, and the state proceedings provide an adequate opportunity to raise claims."); *DiPietro v. New Jersey Fam. Support Payment Ctr.*, 375 F. App'x 202, 205 (3d Cir. 2010) ("The District Court correctly found that the requirements for abstention are met" in a case challenging ongoing child support obligations); *Dixon v. Kuhn*, 257 F. App'x 553, 556 (3d Cir. 2007) (same); *see also Frederick of Family Gonora*, 2023 WL 8271932, at *3-5; *Spageage Consulting Corp. v. Porrino*, No. 17-6299, 2018 WL 1169133, at *3 (D.N.J. Mar. 6, 2018) ("The

5

State Garnishment Order was issued as part of a matrimonial, child custody, and child support dispute . . . that is ongoing in New Jersey state court."). Thus, this Court's intervention is barred by the *Younger* abstention doctrine. As such, the Court finds that Plaintiff's ongoing garnishment proceeding fits into the third category of cases wherein courts should abstain under *Younger*: pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions. *See Dormevil v. Domestic Rels. Off. Delaware Cnty. Pennsylvania Child Support Agency,* No. 23-3025, 2023 WL 6144845, at *4 (E.D. Pa. Sept. 20, 2023) ("Child support cases fall squarely in the third category of exceptional cases.").

Because this matter falls into one of the requisite categories, the Court now turns to the *Middlesex* factors. Beginning with the first factor, the Court finds that there are ongoing state proceedings that are judicial in nature. "State proceedings are pending only if they are initiated before any proceedings of substance on the merits have taken place in the federal court." *Malhan*, 938 F.3d at 464. As noted above, the Complaint alleges the existence of a state court proceeding that appears to be ongoing. (*See* ECF 1, Compl. at 5.) *See DiPietro*, 375 Fed. App'x at 204 (finding that child support proceedings are ongoing because "New Jersey courts are charged with monitoring, enforcing, and modifying child support obligations throughout the duration of a child support order" (citing *Anthony v. Council*, 316 F.3d 412, 420 (3d Cir. 2003)); *Yarborough*, 2018 WL 6567701, at *2 (finding that child support obligations constitute ongoing state proceedings (citing *Anthony*, 316 F.3d at 420)).

Regarding the second factor, the Third Circuit has held that "there is no question that state child support proceedings implicate important state interests." *DiPietro*, 375 Fed. App'x at 205; *see also Moore v. Sims*, 442 U.S. 415, 435 (1979) ("[f]amily relations are a traditional area of state concern"). Finally, assessing the third factor, there is a presumption that state courts are equally

competent and willing to hear federal statutory and constitutional claims. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987). Plaintiff does not allege obstacles to raising his grievances in state court. As such, there is no basis to conclude that Plaintiff would not be afforded adequate opportunity to raise his claims in state court. *See DiPietro*, 375 Fed. App'x at 205 (finding that plaintiff challenging child support obligations was "able to raise his claims in state court and to appeal adverse decisions through the state appellate system and to the United States Supreme Court."). The Court therefore finds that *Younger* abstention applies. The Court accordingly declines to exercise jurisdiction over Plaintiff's challenges to the ongoing garnishment proceedings.

### B.  Failure to State a Claim

Even if the Court were to exercise jurisdiction, the Court nonetheless finds that Plaintiff's claims against Defendant fail because Defendant is immune from suit based on the doctrine of quasi-judicial immunity, and Plaintiff fails to state a bill of attainder claim.

The doctrine of quasi-judicial immunity "evolved out of its well-known namesake, judicial immunity," which protects judges from liability for damages for acts committed within their judicial jurisdiction. *Russell v. Richardson*, 905 F.3d 239, 247 (3d Cir. 2018). The fair administration of justice depends not only on judges, however. *Id*. Thus, the immunity doctrine has been extended to "certain others who perform functions closely associated with the judicial process," *id*. (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)), including "those who serve as arms of the court, . . . fulfill[ing] a quasi-judicial role at the court's request," *id*. (quoting *Hughes v. Long*, 242 F.3d 121, 126 (3d Cir. 2001) (quotation marks omitted)). The Third Circuit has explained that quasi-judicial immunity "extends only to the acts authorized by court order, i.e., to

the execution of a court order," but not to the manner in which a court order is executed. *Russell*, 905 F.3d at 250.

Plaintiff attempts to hold Defendant liable for OCSS's role in executing court orders pertaining to Plaintiff's garnishment proceedings. (ECF 1, Compl. at 2.) These claims are barred by the doctrine of quasi-judicial immunity. *See Frederick of Family Gonora*, 2023 WL 8271932, at *6; *see also Dormevil*, 2023 WL 6144845, at *6 (finding that the director and officers of the office of domestic relations were entitled to quasi-judicial immunity for their actions in connection with child support proceedings).

Finally, Plaintiff also fails to bring a claim against Defendant based on the Bill of Attainder Clause. A bill of attainder is a legislative act which inflicts punishment without a judicial trial. *Nixon v. Admin. of Gen. Servs.*, 433 U.S. 425, 468 (1977). The garnishment proceeding challenged by Plaintiff does not constitute a legislative act. *See, e.g., Stanko v. Obama*, 434 F. App'x 63, 66 (3d Cir. 2011) (finding that a prisoner's argument that his disciplinary hearing constituted an unlawful bill of attainder was a "non-starter" because it is not a legislative act). As such, the Court finds dismissal with prejudice appropriate and finds it unnecessary to address Defendant's remaining arguments.

## IV. <u>CONCLUSION</u>

For the reasons stated above, Defendant's Motion to Dismiss (ECF 9) is **GRANTED**. Plaintiff's Complaint (ECF 1) is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     José R. Almonte, U.S.M.J.
        Parties